**UNITED STATES of America**
v.
**Preston BOYD, Appellant.**
**No. 71–1588.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 6, 1972.

Filed April 10, 1972.

Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

James A. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before KALODNER, GANEY* and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

This is an appeal from a judgment of conviction pursuant to a jury verdict finding the defendant-appellant Preston Boyd guilty on two counts of armed bank robbery in violation of 18 U.S.C.A. § 2113(a), (d).

On this appeal Boyd contends that the trial court erred (1) in denying his motion to suppress challenged evidence; (2) in denying his motion for judgment of acquittal; and (3) in its instructions to the jury.

The testimony relevant to our disposition may be summarized as follows:

About 12:20 p. m., March 6, 1971, the First National Bank of Avonmore, Avonmore, Pennsylvania, was robbed of $48,500 cash, $19,800 in American Express Travelers Checks, $4,525 in United States Savings Bonds and 200 blank cashiers checks.

The robbery was committed by a man with horned rimmed glasses, a stocking over his face, gloves and a ski cap; he was armed with an automatic pistol; after he had garnered the proceeds of

* Judge Ganey participated in the argument and disposition of this case but died before this opinion was filed.

his robbery the robber was heard to say "get the car." After he left the bank several of its employees saw a red compact car leave the scene.

Pennsylvania State Trooper Haught was advised of the robbery by radio and instructed to be on the lookout for a red compact car in which the robber might have made his getaway.

At approximately 1 p. m. Trooper Haught observed a red compact car stopped at an intersection some 25 miles from the scene of the robbery. The defendant was the sole occupant of the car. He appeared to the Trooper to be lost. The red compact car made a right hand turn into a side dirt road on which there was a sign stating "Township Road closed one-half mile ahead."

The red compact car stopped in front of a farmhouse and the defendant got out. The Trooper then requested and received the defendant's operator's license and registration cards. They revealed that the driver was one Preston Boyd, Pittsburgh, Pennsylvania. Boyd then walked to the farmhouse, knocked on the door but walked away before anyone had time to answer.

Trooper Haught again questioned Boyd who then told him that his correct address was Main Street, Kittanning, Pennsylvania. From his knowledge of Kittanning, Haught knew that there was no such address as that given him by Boyd. He nevertheless permitted Boyd to resume his trip. Boyd then proceeded down the dead-end road instead of returning to the main highway.

Haught reported the incident to his headquarters by radio and was ordered to investigate further. He was joined by Trooper Kutch and they proceeded down the dead-end road to find Boyd. At the end of the road they found his red car stranded in the mud. The two Troopers followed a set of footprints leading from the rear of the car across weeds and brush to a six-foot-high cyclone fence topped with barbed wire and posted with "No Trespassing" signs. The fence enclosed a power plant. The Troopers climbed the fence and entered the power plant compound; they followed footprints which led to a vacant crane; and found the defendant hiding in the motor compartment of the crane, sitting on top of a plastic bag. They then placed Boyd under arrest.

When the Troopers picked up the plastic bag it came open, revealing the proceeds of the bank robbery. Boyd's overcoat, laying nearby, was found to contain a 38-caliber Colt automatic, similar to the pistol used in the robbery.

■ On this appeal, Boyd contends, *inter alia,* that the court erred in denying his pre-trial motion to suppress as evidence the proceeds of the robbery and the Colt automatic which was similar to that used in the robbery. The motion to suppress was premised on Boyd's contention that the robbery proceeds and pistol were found by the police in a warrantless arrest and search which were without reasonable cause, and were for that reason unavailable as evidence. The denial of the motion to suppress was premised on the court's determination that the arrest and search were constitutionally valid because the facts available to the officers at the time they arrested Boyd would warrant men of reasonable caution in believing that an offense had been committed by him.

On review of the record we are of the opinion that the court below did not err in denying the motion to suppress under the prevailing facts set forth in detail in the court's "Opinion and Order." [1]

■ Boyd also here contends that the trial court erred in denying his motion for a judgment of acquittal which was premised on his contention that his conviction was based on circumstantial evidence which in his view was insufficient to establish his guilt beyond a reasonable doubt. In making this contention he urges that there was no direct eyewitness identification of him as the rob-

1. The "Opinion and Order" are presently unreported.

ber. The trial court, in denying the motion for judgment of acquittal, found that the circumstantial evidence was of a dimension sufficient to convince a jury beyond a reasonable doubt in that it established that the defendant and the robber "(1) were the same height and weight; (2) wore the same type of glasses; (3) drove the same type of car; and (4) carried the same type of gun," and "[i]n addition, the defendant was apprehended with the proceeds from the robbery, and the defendant testified that he was in Avonmore [the scene of the robbery] at about the time of the robbery."

We find no error in the trial court's denial of Boyd's motion for a judgment of acquittal.

▉ We cannot subscribe to Boyd's further contention that the trial judge prejudicially erred in his instructions to the jury as to the inferences which could be drawn from his possession of the fruits of the bank robbery.

For the reasons stated the judgment of conviction and sentence will be affirmed.